ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OFFICIAL OPINION REGARDING MUNICIPALITIES CONTRACTING WITH LOCAL CHAMBERS OF COMMERCE AND ALSO MUNICIPAL ORDINANCES REGARDING EARMARKING OF HOTEL-MOTEL TAXES.
YOUR FIRST QUESTION ASKS WHETHER A MUNICIPALITY MAY LAWFULLY CONTRACT WITH A LOCAL CHAMBER OF COMMERCE TO TAKE MONIES FROM THE MUNICIPALITY'S GENERAL FUND AND TURN THESE MONIES DIRECTLY OVER TO THE CHAMBER OF COMMERCE FOR THE PERFORMANCE OF ECONOMIC DEVELOPMENT FUNCTIONS. YOUR SECOND QUESTION ASKS WHETHER A MUNICIPALITY WHICH HAS ADOPTED AN ORDINANCE LEVYING A HOTEL-MOTEL TAX WITHOUT EARMARKING THE PROCEEDS OF THE TAX MAY SUBSEQUENTLY EARMARK THE PROCEEDS (OR ANY PART OF THE PROCEEDS) OF THE TAX TO A LOCAL CHAMBER OF COMMERCE TO PERFORM CERTAIN DUTIES FOR THE MUNICIPALITY.
BECAUSE YOUR QUESTIONS MAY BE ANSWERED, FOR THE MOST PART, BY REFERENCE TO A PREVIOUS ATTORNEY GENERAL OPINION, IT DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL OPINION AT THIS TIME. THE CONCLUSIONS EXPRESSED BELOW ARE, OF COURSE, SOLELY THOSE OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
AS NOTED IN ATTORNEY GENERAL OPINION NO. 86-026, WHICH I HAVE ATTACHED FOR YOUR INFORMATION, A MUNICIPALITY MAY ENTER INTO A CONTRACT WITH A LOCAL CHAMBER OF COMMERCE TO PROVIDE SERVICES RELATED TO A PROPER GOVERNMENTAL PURPOSE CONSISTENT WITH THE PROVISIONS OF OKLA. CONST. ART. ARTICLE X, SECTION 14 ARTICLE X, SECTION 17 IF THE STATUTORY GUIDELINES FOR THE EXPENDITURE OF MUNICIPAL FUNDS ARE FOLLOWED. (SEE 11 O.S. 17-201 ET SEQ., AS AMENDED; THE MUNICIPAL BUDGET ACT, 11 O.S. 17-201 (1981) ET SEQ, AS AMENDED, AND 68 O.S. 489). IN REGARD TO YOUR FIRST QUESTION THEN, A MUNICIPALITY MAY LAWFULLY CONTRACT WITH A LOCAL CHAMBER OF COMMERCE TO TAKE MONIES FROM THE MUNICIPALITY'S GENERAL FUND AND TURN THESE MONIES DIRECTLY OVER TO THE CHAMBER OF COMMERCE FOR THE PERFORMANCE OF ECONOMIC DEVELOPMENT FUNCTIONS.
IF YOUR SECOND QUESTION IS WHETHER OR NOT A GOVERNING BODY OF A MUNICIPALITY MAY EARMARK THE PROCEEDS OF A HOTEL-MOTEL TAX, OR ANY PORTION THEREOF, TO A LOCAL CHAMBER OF COMMERCE, ATTORNEY GENERAL OPINION NO. 86-026 WOULD AGAIN BE CONTROLLING. A MUNICIPALITY MAY NOT DIRECT PUBLIC FUNDS TO AUTOMATICALLY FLOW TO A PRIVATE ORGANIZATION SUCH AS A CHAMBER OF COMMERCE. THERE MUST BE A CONTRACT WITH SUCH A PRIVATE ORGANIZATION WHERE IT IS PROVIDING SERVICES TO THE MUNICIPALITY. WHILE A MUNICIPALITY MAY EARMARK SALES TAXES BY LIMITING THE OBJECT OF THE TAX IN THE AUTHORIZING ORDINANCE AND BALLOT TITLE (SEE A.G. OPIN. NO. 71-108); SUCH EARMARKING UNDER YOUR SPECIFIC INQUIRY WOULD BE FOR "ECONOMIC DEVELOPMENT" BUT COULD NOT BE FOR "XYZ CHAMBER OF COMMERCE." SALES TAX PROCEEDS MUST GO THROUGH THE NORMAL MUNICIPAL BUDGET PROCEDURES WITH THE REVENUES DEPOSITED AND APPROPRIATED ANNUALLY. ARTHUR V. CITY OF STILLWATER, 611 P.2D 637 (OKLA. 1980); A.G. OPIN. NO. 80-006.
(ALICE S. MITCHELL)